**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZACHARY BEAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC.,<br><br>    Defendant. | ) <br>) <br>) <br>) <br>) **Case No.: 1:12-cv-09355-LTS**<br>) <br>) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL**<br>) <br>) **(Unlawful Debt Collection Practices)**<br>) |

ZACHARY BEAN, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

**INTRODUCTION**

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")

**JURISDICTION AND VENUE**

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business and maintains its headquarters in the State of New York, and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiff is a natural person and adult individual.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 335 Madison Ave, 27th Floor, New York, New York 10017.

8. Defendant has in effect a standing order at its corporate address, to deny access to individuals attempting to serve legal process, while at the same time having registered that location with state regulatory bodies as its registered address.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times, Defendant contacted Plaintiff in its attempts to collect an alleged consumer debt.

12. Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

13. Between December 2011 and January 2012, Defendant placed repeated telephone calls to Plaintiff's home telephone in its attempts to collect the subject debt.

14. During this time, Defendant called on average, more than twice a day.

15. On occasion, Defendant called Plaintiff before 8:00 a.m. and/or after 9:00 p.m.

16. Upon information and belief, Defendant does not maintain proper or complete

records of calls made, to conceal the actual number and times of calls.

17.     Defendant utilized abusive tactics to collect by hanging up when Plaintiff answered the telephone and then by immediately calling back.

18.     Defendant failed to send anything in writing to Plaintiff advising him of his FDCPA rights to seek verification of the alleged debt and/or dispute the debt.

19.     Defendant's actions as described herein were taken with the intent to abuse, harass, and annoy in connection with the collection of a debt.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(a)(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

20.     Section 1692c(a)(1) of the FDCPA prohibits debt collectors from calling consumers at any unusual time, and in the absence of evidence to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 A.M. and before 9:00 P.M., local time at the consumer's location.

21.     Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff before 8:00 A.M. and/or after 9:00 P.M.

**COUNT II**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

22.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

23.     Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and

continuously, when it called Plaintiff before 8:00 a.m. and/or after 9:00 p.m., when it would call Plaintiff, hang up and immediately call back, and when it engaged in other harassing or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

27. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, called Plaintiff repeatedly and continuously, when it called Plaintiff before 8:00 a.m. and/or after 9:00 p.m., when it would call Plaintiff, hang up and immediately call back, and when it engaged in other unfair conduct.

## COUNT VIII
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28.     Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

29.     Defendant violated § 1692g(a) of the FDCPA when it failed to provide any written notification or any information in writing to Plaintiff in regards to the alleged debt within five days of its initial contact with the Plaintiff, including how to dispute the debt or obtain verification of the debt.

WHEREFORE, Plaintiff, ZACHARY BEAN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ZACHARY BEAN, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

DATED: 12/17/12                KIMMEL & SILVERMAN, P.C.

By: _____
CRAIG THOR KIMMEL
Attorney ID # 2790038
Attorney for Plaintiff
Kimmel & Silverman, P.C.
1001 Avenue of the Americas
12th Floor
New York, NY 10018
Phone: (212) 719-7543
Fax:  (877) 617-2515
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT