UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ZACHARY BEAN,

       Plaintiff,

 -v-                                                                No. 12 Civ. 9355 (LTS)(DCF)

ALLIED INTERSTATE, LLC f/k/a ALLIED
INTERSTATE, INC.,

       Defendant.

-------------------------------------------------------x

ORDER

       Plaintiff Zachary Bean ("Plaintiff" or "Mr. Bean") sued the defendant Allied Interstate, Inc. ("Allied") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA"). The court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1331. Two months after he brought suit, Mr. Bean accepted a $500 offer of judgment from the defendant. Only the matter of Mr. Bean's attorneys' fee application – in an amount substantially larger than Mr. Bean's final judgment statutory damages award – remains for resolution by the Court. Mr. Bean's attorneys, Kimmel & Silverman, P.C. (the "Kimmel Firm"), have litigated many similar FDCPA cases in this district and across the country. This is not the first time the Kimmel Firm's applications for attorneys' fees have come under scrutiny. For the reasons set forth below, the Court grants in part and denies in part the Plaintiff's application for attorneys' fees.

       The FDCPA provides for the award of reasonable costs and attorneys' fees at the discretion of the Court. 15 U.S.C. § 1692k(a)(3). The Second Circuit calculates "presumptively reasonable" attorneys' fees using the lodestar method, determining reasonable hours worked at a

reasonable hourly rate for any given circumstance.  See ArborHill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008).  Judicial officers of this district have scrutinized carefully the value of the Kimmel Firm's time and billing practices for FDCPA cases.  See, e.g., Barile v. Allied Interstate, No. 12 Civ. 916, 2013 WL 795649(LAP)(DF), at *1 (S.D.N.Y. Jan. 30, 2013).  The Court finds persuasive Magistrate Judge Freeman's cogent analysis and conclusions in Barile.  The Kimmel Firm has adopted in its application here the reduced billing rates that were approved in Barile.

The Kimmel Firm seeks compensation for 4.3 hours of Craig Thor Kimmel's time.  In determining whether the amount of hours billed is reasonable "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'"  Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009).  Here, the Court deducts 0.2 hours: 0.1 hour for requesting someone else prepare a letter of representation, and 0.1 hour for emailing that letter.  The Court also strikes seven more 0.1 hour entries that Mr. Kimmel recorded for the receipt of ECF emails on January 22 and 31, February 1, and March 7, 2013, and 0.1 hour for the receipt of an internal email from associate Amy Bennecoff.  See, e.g., Muise v. Allied Interstate, Inc., 12 Civ. 1317(TPG), 2012 WL 4044699, at *1 (S.D.N.Y Sep. 12, 2012) (reducing the amount Mr. Kimmel charged for reviewing ECF filings).  Mr. Kimmel is to be compensated for 3.3 hours of his time at the rate of $300 per hour, resulting in a $300 reduction from the original amount billed.

Ms. Bennecoff's fees should also be slightly reduced to reflect the appropriate billing rate of $100 per hour (the highest reasonable paralegal rate) for her performance of 0.1 hour of administrative tasks on March 18, 2013, when a paralegal was reportedly unavailable.  See, e.g., Ryan v. Allied Interstate, Inc., 12 Civ. 0526(AJP), 2012 WL 3217853, at *6 (S.D.N.Y.

Aug. 9, 2012) (holding that the Kimmel Firm "cannot recover for time spent by attorneys completing administrative tasks"). This results in a reduction of $12.50 from the amount billed.

All other fees sought by the Kimmel Firm, including an additional $112.50 for one-half hour of Ms. Bennecoff's time for preparation of the reply memorandum, appear reasonable. Accordingly, Plaintiff's application is granted in part. Defendants shall pay to Plaintiff's attorneys, Kimmel & Silverman, attorneys' fees in the sum of $2,457.50, plus $350 in costs, within twenty days from the date of this Order. This Order resolves docket entry number 11. The Clerk of Court is hereby requested to enter judgment in Plaintiff's favor for $500 in damages, $2,457.50 in attorneys' fees and $350 in costs, and to close this case.

SO ORDERED.

Dated: New York, New York
       July 15, 2013

                              /s
                       LAURA TAYLOR SWAIN
                       United States District Judge